**TOWN OF CUMBERLAND, Indiana, Appellant–Plaintiff,**

v.

**INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Board of Commissioners of Hancock County, Hancock County Council, and Town of McCordsville, Appellees–Defendants.**

No. 49A02–9702–CV–95.

Court of Appeals of Indiana.

Jan. 27, 1998.

Bette J. Dodd, Brian A. Statz, Lewis & Kappes, P.C., Indianapolis, for Appellant–Plaintiff.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, Dan L. Strahl and John A. Apple, Greenfield, for Appellees–Defendants.

## OPINION

SULLIVAN, Judge.

Appellant, Town of Cumberland, Indiana (Cumberland), appeals the judgment of the trial court which affirmed the order (agency order) of the Indiana Department of Environmental Management (IDEM) creating the Hancock County Regional Water and Sewer District (District).

We affirm.

Cumberland presents three issues.[1] First, the sufficiency of the evidence supporting IDEM's decision to create a county-wide water and sewer district is challenged. Second, Cumberland argues that IDEM exceeded its statutory authority by limiting the right of the town to expand its existing sewer system. Finally, the municipality contends that it was denied due process during the administrative process.

Hancock County has long suffered from a deficient system of sewage disposal. The failure of numerous private septic systems, combined with intentional discharges by individual residents, polluted neighborhood ditches and streams with raw, untreated sewage. As a result, the residents of Hancock County were exposed to grave health consequences, possibly including such diseases as

"Shigellosis, Typhoid Fever, Infectious Hepatitis, Amebiasis, Giardiasis, Ascariasis, etc." Record at 283.

In response to requests by the Indiana State Department of Health, the Board of Commissioners of Hancock County submitted its "Petition for Organization of a Regional Water and Sewer District" (petition) to IDEM. The petition requested the formation of a county-wide water and sewer district to improve the health and well-being of the residents. However, the petition also requested that "those areas served as [of] the date of formation of the proposed district by existing private, semi-public or public sanitary sewer utilities or water and sewer utilities" be excluded from the District. Record at 375.

A public hearing was held December 12, 1995. Cumberland submitted its objection to the creation of the District. Subsequently, the hearing officer recommended the formation of the District, but also proposed that Cumberland and other municipalities with existing systems be excluded therefrom. On March 13, 1996, IDEM incorporated the hearing officer's findings of fact and conclusions of law into an order creating the District. The reviewing court affirmed this order on October 23, 1996.

Although explicitly excluded by the order, Cumberland contends that the formation of the District impermissibly restricts the municipality's future ability to expand its existing sewer system. This dispute is the subject of the instant appeal.

## ISSUE I. SUFFICIENCY OF EVIDENCE

Pursuant to I.C. 13–26–2–3 (Burns Code Ed. Supp.1996) and I.C. 13–26–2–10 (Burns Code Ed. Supp.1996), a regional district may be established only upon satisfaction of the statutory requirements. In the present case, Cumberland argues that the requisite elements were not fulfilled because the District encompassed nearly all of Hancock County and was not the most cost-effective means of providing sewer services. Moreover, the

---

1. Although the appeal is from the decision of the Marion Superior Court, the underlying issues concern the validity of the administrative determination.

town contends that its concerns were not adequately resolved during the administrative proceedings.

■ Cumberland argues that the District should be limited to the three most problematic areas: McCordsville, Charlottesville and Woodbury. However, IDEM appropriately concluded that substantial evidence supports the need for a county-wide water and sewer district. *See* I.C. 13–26–2–3(3)(A). There was evidence that the discharge of raw sewage into neighborhood streams and ditches poses a serious threat to public health in all of Hancock County. Moreover, the areas with the most severe sewage problems are located upon opposite sides of the county. Finally, individual septic systems do not prove a viable solution because of poor soil quality throughout the area. We hold that the agency order with respect to formation was neither arbitrary nor capricious.

■ Because substantial evidence also supports the determination of economic feasibility, Cumberland's second argument fails. *See* I.C. 13–26–2–10(a)(2). Three sewer system proposals were presented to IDEM by the Board of Commissioners of Hancock County. "Option 3 was selected because it provides the lowest user fees while providing service to more areas than the other options." Record at 505. Moreover, the connection fee charged to homeowners under this proposal was less than the actual per-home cost of the installation. This evidence is substantial and supports the conclusion that the District was economically feasible.

■ In response, Cumberland argues that the expansion of existing utilities into selected areas covered by the District would be more efficient and economical. However, even if true, IDEM was not required to defer to these municipal and public utilities because the statute requires not that establish-

ment of a district be effected in *the most* economically feasible manner, but rather that it be in "*an* economically feasible manner." I.C. 13–26–2–10(a)(2). (Emphasis supplied).

■ Finally, Cumberland contends that IDEM did not adequately resolve its concerns and those of other interested entities. However, the applicable statutory language does not confer a right to complete satisfaction upon those who may consider themselves adversely affected. I.C. 13–26–2–10 provides, in relevant part:

> "If an eligible entity with territory in the district has a public water or solid waste sewer system, [the order must] contain provisions protecting the investments of the entities and protecting the rights of the holders of bonds or other obligations issued to provide money for the system."

By excluding the town of Cumberland from the District, IDEM satisfied the limited requirements imposed by the statute.

## ISSUE II. LIMITATION UPON EXPANSION

■ Cumberland also contends that the formation of the District impermissibly restricts its ability to expand its sewer services. Although we acknowledge that the creation of a regional sewer district in Hancock County may effectively impede the municipality from serving its outlying areas, the order upon its face does not impose such a restriction.

Initially, Cumberland seemingly argues that Resolution 1996–2–1,[2] adopted by the Hancock County Board of Commissioners, has been incorporated into the agency order. However, the order merely acknowledges existence of the resolution. The town also construes section three of the agency order to "[restrict] Hancock County municipalities

---

2. The specific provision of Resolution 1996–2–1 with which Cumberland finds fault states:
   "Municipalities within Hancock County will be able to continue to extend sewer and water service to new areas when appropriate, as they have in the past. However, if the District notifies a municipality that it is preparing plans to provide service to an area within the District's boundaries, the municipality will no-

tify the District and *obtain the District's agreement* before proceeding with any extension of water or sewer service in that area." Record at 15. (Emphasis supplied).
Cumberland argues that this provision impermissibly restricts its right as a municipality to expand its sewer system by forcing it to obtain consent from another entity.

to their existing boundaries." [3] Appellant's Reply Br. at 6–7. However, on its face, the order does not purport to prohibit the municipality from extending its existing sewer utilities pursuant to I.C. 36–9–23–2 (Burns Code Ed. Repl.1993) [4] and I.C. 36–9–23–36 (Burns Code Ed. Repl.1993) [5]. Indeed, the agency order does not even mention the applicable statutory provisions.

■ Even if the agency order restricted Cumberland's ability to expand, such limitation would not be legally impermissible. As noted by Hancock County, I.C. 36–9–23–35 (Burns Code Ed. Repl.1993) vests IDEM with the statutory authority to create regional water and sewer districts which may conflict with the powers granted municipalities.[6] Although not binding upon this court, a recent Official Opinion of the Attorney General observed: "With this provision, the General Assembly has recognized that, while local decisions are best made locally, matters that pertain to securing a safe and healthy environment, such as a sewage treatment plant, may have broader effects that call for appropriate state regulation." 1996 Op.Att'y.Gen. 96–1. As such, even if Cumberland is effectively prevented from expanding its existing sewer system, the agency order is neither arbitrary nor capricious.

Cumberland also requests that this court issue a judicial determination that its rights under Indiana law have not been affected by the creation of the District. We decline the invitation because "any judgment entered thereon would be advisory and not dispositive of anything." *Indiana Bureau of Motor Vehicles v. Zimmerman* (1985) Ind., 476 N.E.2d 114, 118.

## ISSUE III. DENIAL OF DUE PROCESS

■ Finally, Cumberland contends that IDEM violated its due process rights. However, municipalities are not persons entitled to due process protection under either the federal or state constitution. *See Andrews v. Proctor* (1997) Tex.App., 950 S.W.2d 750, *reh'g overruled, petition for review filed; State v. Valentine* (1977) Ill.App., 50 Ill. App.3d 447, 8 Ill.Dec. 696, 365 N.E.2d 1082. *See generally Board of Comm'rs of Howard County v. Kokomo City Plan Comm'n* (1975) 263 Ind. 282, 330 N.E.2d 92 (Howard County not considered to be a person for purposes of Fourteenth Amendment of United States Constitution or Article 1, Section 1 of the Indiana Constitution). Because Cumberland is a municipality, the applicable provisions of the respective constitutions provide the town no relief.

■ Nevertheless, because an administrative agency supervised the formation of the District, the Administrative Orders and Procedures Act (AOPA) explicitly afforded Cumberland some protections. I.C. 4–21.5–2–1 (Burns Code Ed. Repl.1996) provides that "[t]his article creates minimum procedural rights and imposes minimum procedural duties." However, no violation of these minimum requirements occurred. The town concedes: "Cumberland and other 'eligible entities' made their objections to the formation of the District known to the Appellees. Cumberland and other eligible entities were given the opportunity to comment on the formation of the District in and around December of 1995." [7] Appellant's Reply Br. at 15.

3. "The incorporated Town of McCordsville is included in the district, but the City of Greenfield and the Towns of Cumberland, Fortville, New Palestine, Shirley, Spring Lake, and Wilkinson, *as the boundaries of each currently exist*, are excluded from the district." Record at 11. (Emphasis supplied).

4. I.C. 36–9–23–2 provides that "[a] municipality may: (1)[a]cquire, construct, improve, operate, and maintain sewage works under this chapter...."

5. I.C. 36–9–23–36 provides that "[a] municipality may exercise powers granted by this chapter in areas within ten (10) miles outside its corporate boundaries."

6. I.C. 36–9–23–35 provides that "the functions, powers, and duties of the department of environmental management, the water pollution control board, and the state department of health are not affected by this chapter."

7. Moreover, it may be questioned whether Cumberland actually was an "eligible entity" entitled to offer objections to the District. According to the trial court, Cumberland "did not have a statutory right to comment at the public hearing" because it "was explicitly excluded from the District." Record at 231.

■ In addition, as a participant in the administrative proceeding, Cumberland had the right not to be the subject of actual bias from IDEM, but has failed to demonstrate any such prejudice. *See Ripley County Bd. of Zoning v. Rumpke of Indiana* (1996) Ind. App., 663 N.E.2d 198, 209, *trans. denied.* In support of its allegations of bias, the town points to communications between IDEM and the Reynolds Group[8] which it claims are ex parte. To the extent that the communications involved the subject matter of the petition and the resulting order, they were certainly inappropriate. However, in the context of administrative proceedings pursuant to AOPA, the prohibition against ex parte communications applies only to contact with administrative law judges. I.C. 4-21.5-3-11(a) (Burns Code Ed. Repl.1996). Because the individuals involved were IDEM staff and not administrative law judges, the communications do not require reversal.[9]

The judgment of the Marion Superior Court approving the order of the Indiana Department of Environmental Management creating the Hancock County Regional Water and Sewer District is hereby affirmed.

FRIEDLANDER and KIRSCH, JJ., concur.

---

8. The Reynolds Group was retained by Hancock County to design, provide financing, construct, own and operate the wastewater facility for the District.

9. Cumberland concedes that the communications were not made with an administrative law judge.